

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>JAMIE BROCK GRUBB,<br><br>Defendant/Movant. | Cause No. CR 09-30-BU-DWM<br>CV 11-27-BU-DWM<br><br>ORDER DENYING § 2255 MOTION<br>AND DENYING CERTIFICATE<br>OF APPEALABILITY |

On June 14, 2011, Defendant/Movant Jamie Grubb ("Grubb"), a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Grubb also filed a supplement and two letter exhibits.

**I. Preliminary Screening**

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see also Rule 4(b), Rules Governing Section 2255

Proceedings for the United States District Courts.

## II. Background

On November 23, 2009, a grand jury indicted Grubb on one charge of receipt of child pornography, a violation of 18 U.S.C. § 2252A(a)(2) (Count 1); one count of possession of child pornography, a violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 2); and a forfeiture allegation directed at one desktop and one laptop computer. Indictment (doc. 1) at 2-3.

On December 15, 2009, Assistant Federal Defender John Rhodes moved to continue the arraignment. The motion was granted. On January 13, 2010, attorney Herman A. "Chuck" Watson filed a notice of appearance on Grubb's behalf. Mot. (doc. 4); Order (d0c. 5); Notice (doc. 6). Watson failed to timely obtain a forensic analysis of the computers seized in connection with the offense, e.g., Deft.'s Uncontested Mot. to File Mot. to Suppress Out of Time (doc. 16) at 2-3; Order (doc. 18), and failed to timely file a motion to suppress Grubb's statements to FBI agents, Supp. (doc. 85-1) at 6 ¶¶ C(b), (D)-(E). Watson withdrew on May 3, 2010. Rhodes was appointed in his stead. Orders (docs. 22, 23).

Rhodes timely filed notice of an expert computer forensics witness (doc. 43), a motion to suppress Grubb's statements to the FBI on grounds of involuntariness

(docs. 44-45), and a motion to suppress the images and Grubb's statements as fruit of the poisonous tree (docs. 46-47). The second motion to suppress was based on Grubb's purported lack of knowledge that Limewire was a file-sharing program, not an archiving program with access provided only to the owner, like iTunes. The United States responded to the motions but, before the hearing was held, Rhodes filed a motion for Grubb to change his plea to guilty. Mot. to Change Plea (doc. 58). The parties filed a fully executed plea agreement on August 31, 2010. Plea Agreement (doc. 61). On September 22, 2010, Grubb pled guilty in open court to Count 1 of the Indictment, receipt of child pornography, and admitted the forfeiture allegation as well. Plea Agreement (doc. 61) at 4-6 ¶¶ 6-8. The United States dismissed with prejudice Count 2, the possession charge, pursuant to United States v. Davenport, 519 F.3d 940, 942 (9th Cir. 2008).

A presentence report was prepared. Based on a total offense level of 29 and a criminal history category of I, Grubb's advisory guideline range was 87-108 months in prison. Dr. Michael Scolatti testified at sentencing. On January 6, 2011, Grubb was sentenced to the statutory mandatory minimum of 60 months, to be followed by seven years' supervised release. 18 U.S.C. § 2252A(a)(2), (b)(1); Sentencing Tr. (doc. 84) at 5:20-6:18; Judgment (doc. 80) at 2-3. He did not appeal.

Grubb timely filed his § 2255 motion on June 14, 2011. 28 U.S.C. § 2255(f)(1).

## III. Grubb's Allegations and Analysis

Grubb alleges that Watson was constitutionally ineffective in several respects. Strickland v. Washington, 466 U.S. 668 (1984), governs claims alleging ineffective assistance of counsel. First, Grubb must show that counsel's performance fell below an objective standard of reasonableness. Id. at 687-88. Second, he must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "[T]here is no reason for a court deciding an ineffective assistance claim . . . even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

Regardless of Watson's errors, Grubb can show no prejudice, because Rhodes did what Grubb claims Watson should have. Concerns about the timeliness of Watson's actions were mooted when the deadlines in the case were continued on Rhodes's re-entry into the case. Supp. at 5. Rhodes filed the motions Watson did not, and more, and he must have had a reasonable belief that Grubb would not prevail

on them, because he advised Grubb to plead guilty, Plea Agreement (doc. 61) at 3 ¶ 5; id. at 12 ¶ 14, and Grubb does not claim that Rhodes's advice was ineffective. Rhodes negotiated a plea agreement under which the United States agreed not to make any recommendation at sentencing – a fact that moots Grubb's concern that Watson prejudiced him in the eyes of the prosecutor. Rhodes called Dr. Michael Scolatti to testify at sentencing. I had also read and was familiar with Dr. Stratford's report; in fact, I asked Dr. Scolatti about it. Sentencing Tr. at 19:20-20:7. The sentence that was imposed – the statutory mandatory minimum term of five years – was more than two years *lower* than the *low* end of Grubb's advisory guideline range. Rhodes persuaded the prosecutor to forego objection to the lowest sentence available under the statute.

It is simply not realistic to expect that, if only Watson had done a better job, the prosecutor would have dismissed the receipt charge and pursued only the possession charge, thereby agreeing to an *even lower* sentence. While Grubb may be correct that he paid too much money for the defense he received from Mr. Watson, that error is not cognizable under Strickland.

### IV. Certificate of Appealability

Rhodes corrected Watson's errors, and neither Grubb's guilty plea nor his

sentence was affected by Watson's performance. Reasonable jurists could find no basis to suspect otherwise. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Because Grubb does not make any showing, much less a substantial one, that he was deprived of his Sixth Amendment right to the effective assistance of counsel, 28 U.S.C. § 2253(c)(2), a certificate of appealability is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Grubb's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 85) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Grubb files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 11-27-BU-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Grubb.

DATED this 9th day of August, 2011.

Donald W. Molloy
United States District Court

ORDER DENYING § 2255 MOTION AND
DENYING CERTIFICATE OF APPEALABILITY / PAGE 6