IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMIE BROCK GRUBB,<br><br>Defendant. | CR 09–30–BU–DWM<br><br>ORDER |

On October 12, 2017, United States Magistrate Judge Jeremiah Lynch entered Findings and Recommendation with respect to the disposition of the revocation proceedings stemming from the September 18, 2017 amended petition for revocation of Defendant Jamie Brock Grubb's supervised release. (Docs. 100, 108, 111.) Based upon a preponderance of the evidence presented at the revocation hearing, Judge Lynch recommends supervised release be revoked. Judge Lynch further recommends this Court sentence Defendant to 3 months custody with credit for time served and 80 months of supervised release. The government filed objections on October 17, 2017. Grubb has not filed objections.

Failure to object waives the right to review. Fed. R. Crim. P. 59(b)(2). But consistent with the Court's "full authority" to review the Findings and

1

Recommendation under any standard it deems appropriate, *Thomas v. Arn*, 474 U.S. 140, 154 (1958), the Court reviews for clear error. Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). The Court reviews *de novo* those specific findings or recommendations objected to. 28 U.S.C. § 636(b)(1).

Based on a preponderance of the evidence, Judge Lynch concluded Grubb violated the conditions of his release in the manner set forth in Allegations Number 1, 2, 3, 7, 8, and 10 of the amended petition. (Doc. 111 at 2-3.) He concluded the government did not sustain its burden in establishing the remaining alleged violations. (*Id.* at 3.) The government objects, arguing Grubb should be found in violation of all 11 allegations contained in the amended petition. (Doc. 115 at 1.)

The government first objects to Judge Lynch's finding that the preponderance of the evidence did not show Grubb violated Special Condition 6 (as amended) of his conditions of supervised release as set forth in Allegation Number 4 of the amended petition. (*Id.* at 5.) Special Condition 6 forbids Grubb from "be[ing] in the company of any child under the age of 18." (Doc. 100 at 3.) The supervising probation officer stated he did not "recall the defendant saying

2

that he had any sort of physical relationship with [SH] prior to her being 18." (Doc. 113 at 26.) The supervising officer did not discuss if Grubb had been in physical contact with SH before her 18th birthday. This testimony was not sufficient to show Grubb was "in the company of" a child under 18.

The government next objects to Judge Lynch's finding that Grubb did not violate Special Condition 7 (as amended) as set forth in allegation Numbers 5 and 6 of the amended petition. (Doc. 115 at 6.) Judge Lynch correctly found Grubb did not violate this condition. *See United States v. Gnirke*, 775 F.3d 1155 (9th Cir. 2015).

The government also objects to the finding that Grubb did not violate Special Condition 8 (as amended) as set forth in Allegation Number 9 of the amended petition. (Doc. 115 at 8.) That condition states Grubb "shall not knowingly possess or use any computer or other device with access to any on-line computer service without prior written approval of the probation officer." (Doc. 100 at 5.) The supervising probation officer testified Grubb had a Nintendo Wii game system in his truck. (Doc. 113 at 14.) The amended petition states the Wii "has internet capability and was not approved by the probation office." (Doc. 100 at 5.) Taken together, this evidence is sufficient to show Grubb violated Special Condition 7 as set forth in Allegation Number 9.

Finally, the government objects to the finding that Grubb did not violate Special Condition 4 (as amended) as set forth in Allegation Number 11 of the amended petition. (Doc. 115 at 8.) That condition provides that Grubb "shall enter and successfully complete a sex offender treatment program." (Doc. 100 at 6.) Grubb does not dispute he was terminated from sex offender treatment, but notes that the termination was due to his revocation proceedings. (Doc. 113 at 65.) Grubb was terminated when the supervising probation officer informed Grubb's treatment provider that Grubb had, *inter alia*, been sending nude photos of himself and others via an unapproved device. (Doc. 100 at 6.) The preponderance of the evidence shows that Grubb engaged in those behaviors (Violation Numbers 2, 3, 7, and 8) therefore, Grubb violated Special Condition 4 as set forth in the amended petition.

Finding no clear error in Judge Lynch's conclusion that Grubb violated the conditions of his release in the manner set forth in violation numbers 1, 2, 3, 7, 8, and 10 of the amended petition, and that Grubb's supervision should be revoked, the Court adopts those findings and recommendation. (Doc. 111 at 2-3.) In sum, Grubb has violated the conditions of his supervised release as set forth in Allegations Number 1, 2, 3, 7, 8, 9, 10, and 11. He has not violated the conditions of his supervised release as set forth in Allegations Number 4, 5, and 6.

Accordingly, IT IS ORDERED Judge Lynch's Findings and Recommendation (Doc. 111) is ADOPTED as modified above.

IT IS FURTHER ORDERED that Defendant's supervised release is revoked. Judgment will be entered by separate document.

Dated this 30th day of October, 2017.

Donald W. Molloy, District Judge
United States District Court